11-2355-ag
Lin v. Holder

BIA
A072 324 260

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 27th day of April, two thousand twelve.

PRESENT:
>        PIERRE N. LEVAL,
>        REENA RAGGI,
>        DENNY CHIN,
>            Circuit Judges.

_____

JI SHENG LIN,
>        *Petitioner*,

>        v.                                    11-2355-ag
>                                             NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
>        *Respondent*.

_____

FOR PETITIONER:          Ji Sheng Lin, *pro se*, New York, New York.

FOR RESPONDENT:          Tony West, Assistant Attorney General; Terri J. Scadron, Assistant Director; Greg D. Mack, Senior Litigation Counsel, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Ji Sheng Lin, a native and citizen of the People's Republic of China, seeks review of a May 12, 2011 order of the BIA denying his motion to reopen. *In re Ji Sheng Lin*, No. A072 324 260 (B.I.A. May 12, 2011). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *See Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir. 2005). Lin's motion to reopen was timely, *see* 8 U.S.C. § 1229a(c)(7)(A),(C)(i), but, because he failed to establish his *prima facie* eligibility for asylum, withholding of removal, or protection under the Convention Against Torture, the BIA did not abuse its discretion in denying his motion. *See INS v. Abudu*, 485 U.S. 94, 104 (1988).

In order to establish *prima facie* eligibility for relief, a movant must demonstrate "a realistic chance that he will be able to establish eligibility" during reopened proceedings. *Poradisova v. Gonzales*, 420 F.3d 70, 78 (2d Cir. 2005) (internal quotations omitted). The BIA found that

2

Lin had not established his *prima facie* eligibility for relief because he provided no evidence, other than his own vague statement, to demonstrate that the Chinese government was aware of his political activities with the Democratic Party of China.

The weight afforded to an alien's evidence in immigration proceedings lies largely within the discretion of the agency. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 342 (2d Cir. 2006). As a result, the BIA did not err in finding insufficient Lin's statement that the Chinese government was aware of his political activities, particularly since Lin's statement was vague and from an interested party. *See Yan Juan Chen v. Holder*, 658 F.3d 246, 252 (2d Cir. 2011) (holding that agency did not err in finding vague testimony by asylum applicant insufficient to sustain burden of proof). Because Lin submitted no other objective evidence showing that the Chinese government was aware of his political activities in the United States and sought to persecute him because of those activities, the BIA reasonably found that Lin failed to demonstrate his *prima facie* eligibility for relief, and did not abuse its discretion in denying his motion to reopen. *See Hongsheng Leng*, 528 F.3d 135, 143 (2d Cir. 2008); *Ramsameachire v.*

3

*Ashcroft*, 357 F.3d 169, 178 (2d Cir. 2004); *see also Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006) (stating that where objective likelihood of persecution is not shown, claims for withholding of removal and CAT relief resting on same factual predicate fail as well).

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4